TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Sara Bowerman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Sara Bowerman,<br><br>        Plaintiff,<br><br>vs.<br><br>International Collection Agency, LLC; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:14-at-1316<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Sara Bowerman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Sara Bowerman (hereafter "Plaintiff"), is an adult individual residing in El Dorado Hills, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, International Collection Agency, LLC (hereafter "International"), is a company with an address of 2801 Old Winter Garden Road, Ocoee, Florida 34761, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by International and whose identities are currently unknown to Plaintiff. One or more of

the Collectors may be joined as parties once their identities are disclosed through discovery.

7. International at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to Westgate Lakes Owners Association, Inc. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to International for collection, or International was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **International Engages in Harassment and Abusive Tactics**

12. On June 17, 2014, International mailed Plaintiff a letter (the "Letter") in an attempt to collect the Debt.

13. The Letter included Plaintiff's right to dispute the Debt within thirty (30) days of the receipt of the Letter.

14. However, the Letter also stated that Plaintiff had forty-five (45) days to repay the Debt, and failure to do so may result in legal action. This representation overshadowed Plaintiff's right to dispute the Debt.

15. Furthermore, International failed to include the following statement in the Letter: "We will obtain verification of a copy of a judgment against the consumer and mail a copy of such verification to you."

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

18. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

19. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

20. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

21. Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. International, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

28. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

29. Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 20, 2014        TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Sara Bowerman